IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. 4:17-CR-209-O |
| | § | |
| GREGORY ANTONIO BYRD | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the District Court's January 29, 2019 Order, pending before the Court is Defendant Gregory Anthony Byrd's Motion to Enter Nunc Pro Tunc Order ("Def.'s Mot.") [doc. 22], filed January 22, 2019. In the motion, Defendant claims that he "was not given the proper credits on [his twelve-month sentence for violation of the terms of his supervised release,] which was entered on the 19th day of November, 2018." (Def.'s Mot. at 2.) He claims that he should be credited for a total of 365 days for the entire twelve months sentence because he has "392 days of over-served time credit applicable to supervised release violations," "reducing the sentence to 0 days, and leaving a remainder of 27 days over-served time credit." (Def.'s Mot. at 1–2.)

In its response, the Government states that, "[u]pon applying the credit of the over-served time to the Supervised Release sentence," Defendant Byrd's "federal sentence is rendered ineffectual and the federal retainer can be recalled." (Government's Response to Defendant's Motion to Enter Nunc Pro Tunc Order ("Govt.'s Resp.") at 2–3.) The Government further states that "the US Marshal's detainer, previously placed at the Tarrant County Jail against Gregory Byrd, has been released and recalled." (Govt.'s Resp. at 3.)

Based upon the representations of the Government, the Court recommends that Defendant's motion be **DENIED AS MOOT**.

## RECOMMENDATION

Based on the foregoing, it is recommended that Defendant's Motion to Enter Nunc Pro Tunc Order [doc. 22] be **DENIED AS MOOT**.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **February 19, 2019**, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED February 5, 2019.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE